EAST SEVIER COUNTY UTILITY
DISTRICT OF SEVIER COUNTY,
Tennessee, Petitioner-Plaintiff,

v.

WACHOVIA BANK & TRUST COMPA-
NY et al., Defendants-Respondents.

Supreme Court of Tennessee.

July 24, 1978.

Harold E. Rogers, Jr., San Francisco, Cal., Jerome Templeton, Knoxville, for petitioner-plaintiff.

John B. Waters, Jr., Sevierville, James K. Giffen, Knoxville, Victor F. Schneider, James H. Boswell, Jackson, J. William Myers, Newport, Ralph Lowe, Atlanta, Ga., Frank B. Bird, Maryville, Fred L. Myers, Newport, for defendants-respondents.

## OPINION

HARBISON, Justice.

This action was brought up by a Utility District against some 1600 defendants who owned lots or held mortgages in a real estate subdivision known as English Mountain Resort Community. The original plaintiff, petitioner here, sought judgments for accrued water and sewerage charges and a declaratory judgment with respect to the priority of its asserted liens over liens of deeds of trust on the lots.

Most of the individual lot owners were never served with process and were dismissed. Over 120 individual defendants either paid the charges sued for or held waivers from the developer. All of them were dismissed voluntarily. From a judgment of tne trial court with which it was partially dissatisfied, the petitioner appealed as to two individual lot owners and certain financial institutions. The latter either held deeds of trust on various parts of the resort community or had foreclosed thereon.

Petitioner asserted a number of of theories in the trial court, claiming a right to recover under ordinances which it had adopted, under a claim of unjust enrichment, as assignee of a number of restrictive covenants placed on the subdivision by the developer and on the basis of individual contracts.

Both the trial court and the Court of Appeals dismissed the suit on the unjust enrichment claim, and we find material evidence in the record to support that factual conclusion. Accordingly it is foreclosed here. T.C.A. § 27–113. The Court of Ap-

peals modified the decision of the trial court with respect to the authority of the Utility District to enforce its ordinances, and this Court denied certiorari as to that aspect of the case.

. There remain for consideration the other two theories of petitioner.

Over the years between 1968 and 1973 the developer of English Mountain recorded six different sets of restrictive covenants. Some of these were minor amendments, but two of them were comprehensive revisions. In his decision, the trial judge noted discrepancies among these sets of restrictions, and held that some of them could not run with the land because of language contained therein. In the course of his opinion, the trial judge stated:

"However, if the title deed or the agreement between the grantor-grantee provides for payment of the so-called tap-on charges, specifying these, then this issue is settled and enforceable. Persons are free to contract as they so choose.

"The monthly availability charges for water and sewer may be properly assessed to all lot owners acquiring their property subsequently to the recordation of the covenant so providing, but such stand-by charges are not assessable to those owners who acquired their lots prior to the imposition of these fees. I think that point is so clear that further discussion and debate should be unnecessary."

The trial judge made no specific findings as to priority between liens claimed by petitioner under the restrictive covenants and the liens of unforeclosed deeds of trust held by the defending financial institutions. He dismissed with prejudice all claims of the petitioner for accrued charges against the mortgagees, except as to lots where deeds of trust had been foreclosed and improved lots bid in by the debt holders. He held that petitioner was entitled to judgment against those mortgagees from and after such foreclosures. The lenders did not appeal that aspect of the case.

Pursuant to certain of petitioner's assignments of error, the Court of Appeals examined the various restrictive covenants which had been recorded from time to time by the developer. It concluded that these were so conflicting and reserved in the developer such broad rights to vary or waive restrictions as to negative "the idea of a general plan or scheme for a uniform development" of the subdivision. It accordingly held that all of the restrictive covenants relative to water and sewerage fees were unenforceable.

This Court granted certiorari to consider petitioner's assignments against one lot owner and four of the lending institutions.

We are in agreement with the courts below that petitioner had not shown itself entitled to money judgment against these financial institutions at the time of trial, nor do we understand that petitioner now contends that it was so entitled. Likewise, petitioner apparently now concedes that none of the restrictive covenants could be given retroactive effect, absent an express contract so providing, although its contentions in the trial court in that regard were unclear and seem to have been to the contrary.

Apparently due to the very complex nature of the litigation and the many different theories being asserted by the petitioner against different categories of defendants, the matter of the priority of any liens which it might have over unforeclosed deeds of trust on particular lots was not considered by the circuit judge.

 Of course, whether or not a trial judge entertains an action for declaratory judgment is largely discretionary with him. In view of the very voluminous testimony which was offered at this hearing, much of it in the form of masses of records, we are of the opinion that the trial judge had discretion not to undertake a detailed delineation of priorities between liens asserted by the petitioner and those arising under the various deeds of trust. On the other hand, we are not satisfied that he should have dismissed the suit with prejudice, so that petitioner could never, in a proper hearing or under an order of reference, attempt to assert priority of its claimed

liens under the 1972 and 1973 restrictions over those arising under the various deeds of trust. We agree with petitioner that upon denial of its prayer for a declaratory judgment, the suit should have been dismissed without prejudice, rather than with prejudice, as to that aspect of this multi-faceted case.

■ We do not agree with the disposition made by the Court of Appeals of petitioner's claims under the restrictive covenants. Contrary to its conclusion, it appears to us from the trial record that the developer did intend a general plan or scheme for a uniform development of this subdivision.[1] The present record reveals no reason why the restrictive covenants should not be applied according to their terms against the buyers of lots who personally agreed to them or whose purchases occurred after the recordation of any particular set of covenants. We have already stated that no set of covenants should be given any general retroactive effect. To the extent that there may be conflicts or discrepancies in the covenants applicable to a given lot, this may be a matter for resolution in individual suits. In our opinion, however, the Court of Appeals was in error, on the record as now developed, in striking down all of the restrictive covenants. To that extent its decision is reversed.

We modify the judgment of the trial court so as to dismiss without prejudice, insofar as priority of liens may be concerned, the claims of petitioner against the four financial institutions as to which certiorari was granted. These institutions are Westinghouse Credit Corporation, Newport National Bank of Newport, FDS Financial, Inc., and Wachovia Bank & Trust Company. We note that the latter institution, in its answer filed in the trial court, asserted priority of its deeds of trust over any lien claimed by the petitioner which was not mature, due and collectible on the date when Wachovia's deeds of trust were recorded. The answer states, however:

"The defendant admits that the lien of the Utility District is superior to any Wachovia lien as to Deeds of Trust recorded after December 5, 1973."

■ Whether the liens of those deeds of trust, or the deeds of trust of any of the other financial institutions, are or are not prior to those claimed by the Utility District was not determined by the trial court, nor do we attempt to determine it here. The priority of the lien of any given deed of trust would, of course, depend upon whether and when a valid lien of the Utility District had attached to the lot covered by such deed of trust—a factual issue in each case, to be determined either by trial or by order of reference.

■ On the record before us, petitioner continues to assert a lien and a claim for judgment against one individual lot owner, James E. Byndon. His deed was recorded in October, 1973, after the March, 1972 covenants had been placed of record, but prior to the December, 1973 restrictions. Petitioner had the burden of proof to establish its lien against this lot or a contract with this respondent by competent and specific evidence. Factual issues were raised in the answer filed by Mr. Byndon, denying any personal covenant or agreement. These were never met by competent proof at the trial. Both the trial court and the Court of Appeals dismissed the petitioner's claim against that respondent, and because of the insufficiency of evidence to establish petitioner's claims against him, we affirm the dismissal as to him.

■ This leaves the case before us with no individual lot owners as respondents. With the record in that posture, we think it inappropriate to attempt any further interpretation of the restrictive covenants, either as to their scope, legality or binding effect. To do so might prejudice the rights or the defenses of numerous property owners not before us or in any way represented in the record. For the same reason, we are unable to pass upon any rights petitioner may have against any property owner by reason of individual or special contracts.

1. This was stipulated by some, but by no means all, of the parties in the trial court.

854

Numerous issues are raised in a brief filed amicus curiae on behalf of an association of property owners, but our discussion of those issues on the present record would be improper, since they were not dealt with in the trial court or properly developed in the proof.

The judgments of the courts below are modified to the extent hereinabove indicated. Insofar as petitioner sought a declaratory judgment against the four financial institutions who are respondents here, its suit will be dismissed without prejudice, instead of with prejudice as ordered by the trial court.

The cause is remanded to the trial court for any further proceedings necessary under its final judgment as modified in the appellate courts. All costs on appeal are taxed to the petitioner; costs in the trial court will remain as adjudged there.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.