EAST SEVIER COUNTY UTILITY DISTRICT, Appellant,

v.

WACHOVIA BANK AND TRUST COMPANY, et al., Appellees.

Supreme Court of Tennessee, at Knoxville.

Aug. 15, 1983.

Jerome Templeton, Knoxville, for appellant.

Frank B. Bird, Bird, Navratil & Bird, Maryville, for appellees.

OPINION

FONES, Chief Justice.

Plaintiff utility district sued two hundred ninety-four owners of unimproved lots in the English Mountain Development of Sevier County for water line and sewer line tap-on fees. The developer of the subdivision, Preferred Development Corporation, recorded an "Amended Declaration of Protective Covenants" applicable to the English Mountain Subdivision on March 23, 1972 (referred to throughout the record and hereinafter as the "1971 covenants") which provided in part that a waterworks system and a sewage disposal system would be constructed and the owner of those systems would assess the owners of lots in the subdivision a tap-on fee of $260 when a water line "fronts said property," and a fee of $690 when a Sewer line "fronts said property." A lien was declared upon the lots to secure the payment of those charges.

Preferred Development Corporation assigned to plaintiff all of its collection and lien rights for water and sewer service to lot owners by instrument dated March 11, 1974. Prior to that assignment, to-wit: on December 5, 1973, Preferred Development Corporation recorded an instrument entitled "English Mountain Development—Declaration of Protective Covenants" that contained a provision stating that said covenants superseded all previous covenants and restrictions theretofore filed. The 1973

covenants provided that the water and sewer systems would be owned and operated by plaintiff East Sevier County Utility District and that the lot owners would be subject to its rules and regulations with respect to service charges and tap-on fees, etc., but did not provide for specific tap-on fees applicable to unimproved lots, payable at the time lines were in place in front of a lot.

Plaintiff's suit was based upon the validity of the 1971 covenants providing for a sum certain due at the time a water line or a sewer line was in place in front of a lot. Defendants moved for summary judgment and invoked the proposition that the 1973 covenants superseded the 1971 covenants and had the effect of voiding the prior covenants ab initio. The trial judge granted summary judgment and dismissed the suit. The Court of Appeals affirmed in an opinion that adopted in toto the memorandum opinion of the trial judge.

Parenthetically, this suit was filed while the case of *East Sevier County Utility District v. Wachovia Bank & Trust Co.*, 570 S.W.2d 850 (Tenn.1978) was in the appellate process and was originally predicated on the same four theories of recovery advanced in the prior suit against a number of other property owners and lien holders. Prior to the filing of defendant's summary judgment motion, by stipulations the parties had distilled the issues to the single question of the validity of the 1971 covenants as imposing a contractual obligation on unimproved lot owners for the sum certain water and sewer tap-on fees.

The trial judge relied entirely upon a portion of the definition of the word "supersede" in *Black's Law Dictionary,* (4th ed. 1968) to-wit:

"Obliterate, set aside, annul, replace, make void, inefficacious or useless, repeal." *Id.* at 1607.

The definition therein continues as follows: "To set aside, render unnecessary, suspend, or stay." [citations omitted.] *Id.* He held that the word "supersede" had the effect of voiding the right to collect the charges provided in the 1971 covenants and therefore Preferred Development Corporation had nothing to assign to plaintiff in 1974.

We have no quarrel with the proposition that as of December 5, 1973, the 1971 covenants were set aside and that no obligation existed on the part of unimproved lot owners for the specific tap-on fees and the accrual thereof at the time specified in the 1971 covenants, after the recording of the 1973 covenants. However, the courts below have given the 1973 covenants retroactive effect, which is in direct conflict with our holding in *East Sevier County Utility District, supra.* Therein we said:

"The present record reveals no reason why the restrictive covenants should not be applied according to their terms against the buyers of lots who personally agreed to them or whose purchases occurred after the recordation of any particular set of covenants. We have already stated that no set of covenants should be given any general retroactive effect." 570 S.W.2d at 853.

Any and all causes of action for tap-on fees under the 1971 covenants that accrued to Preferred Development Corporation prior to December 5, 1973, were not extinguished by the general provision in the 1973 covenants that all prior covenants were superseded. That portion of the dictionary definition of "supersede" that indicates retroactivity must yield to the legal principle that covenants affecting land cannot be given retroactive application. Of course, the causes of action under the 1971 covenants, having survived the 1973 termination of further accruals, were assignable in 1974 by Preferred Development Corporation to plaintiff.

The result is that the 1971 covenants were in full force and effect from March 23, 1972, until December 5, 1973, and plaintiff is entitled to the opportunity to go to trial against any of the defendant lot owners that are alleged to have become liable to Preferred Development Corporation for tap-on fees during the period the 1971 covenants were in full force and effect.

The judgment of the Court of Appeals is affirmed in part and reversed in part and this cause is remanded to the Circuit Court of Sevier County for further proceedings consistent with this opinion. The costs in the courts below remain as adjudged but the costs in this Court are assessed one-half against plaintiff and one-half against defendants.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.