**Albert MILLER, Plaintiff,**

v.

**Jimmie JONES, et al., Defendants.**

**No. N91–95C.**

United States District Court,
E.D. Missouri, S.D.

May 1, 1992.

**Margaret P. GILLEO, Plaintiff,**

v.

**CITY OF LADUE, et al., Defendants.**

**No. 90–2396C(7).**

United States District Court,
E.D. Missouri, E.D.

April 30, 1992.

Martin M. Green, Mitchell A. Margo, Green, Hoffmann & Dankenbring, Clayton, Mo., for plaintiff.

Albert Miller, pro se.

Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## MEMORANDUM AND ORDER

HAMILTON, District Judge.

This matter is before the Court pursuant to Plaintiff's Motion to Compel, filed December 2, 1991, Defendants Jimmy Jones and Sergeant Holmes' Motion to Dismiss, filed December 4, 1991, and Defendant Teresa Thornburg's Motion to Dismiss, filed December 4, 1992.

Plaintiff, a state prisoner currently incarcerated at Moberly Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. He claims that during a routine search of Plaintiff's room, Defendant Bales found and confiscated food items. Defendant Bales then charged Plaintiff with theft in violation of institutional rule 22. Through the institutional grievance process, Plaintiff attempted to have the theft violation changed to a contraband violation. According to Plaintiff, Defendant Thornburg refused to make the requested change. Plaintiff further alleges that Defendants knew or should have known that since the theft violation was more serious, Plaintiff could lose his job, his parole could be denied, and a request for a lower security level could be denied.

Defendants Jones and Holmes move for dismissal for failure to state a claim for which relief can be granted. They argue that Plaintiff has failed to allege any conduct or knowledge on the part of these defendants outside of their roles as supervisors. Plaintiff argues that he has alleged a continuous pattern of similar deprivation at this institution.

Respondeat superior liability cannot be asserted in a section 1983 claim. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). In the present case, Plaintiff alleges only that Defendants Jones and Holmes supervised Thornburg and Bales. There is no allegation that either Defendant had knowledge of Thornburg or Bale's actions. Accordingly, the Court finds that Plaintiff fails to state a claim for which relief can be granted as to either Defendant Jones or Holmes.

Defendant Thornburg moves for dismissal for failure to state a claim for which relief can be granted. Defendant argues that Plaintiff has failed to identify a constitutional or federal right, privilege or immunity that has been violated by Defendant Thornburg. Plaintiff counters that he had a constitutional right to a sound grievance procedure.

"In the context of a state prison system, an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D.Mo.1986). In the present case, Plaintiff's claim against Defendant Thornburg centers on an alleged wrongful denial of a grievance Plaintiff filed with respect to the conduct described above. Since Plaintiff has no constitutional right to a grievance procedure, he fails to

242

state a claim for which relief can be granted.

As to Plaintiff's Motion to Compel, the Court finds that Plaintiff has failed to show the relevance of the requested documents to the claims remaining in this suit; therefore, that motion is denied.

Accordingly,

IT IS HEREBY ORDERED that Defendants Jimmy Jones and Sergeant Holmes' Motion to Dismiss is GRANTED. Plaintiff's claims against these Defendants are DISMISSED.

IT IS FURTHER ORDERED that Defendant Teresa Thornburg's Motion to Dismiss is GRANTED. Plaintiff's claims against this Defendant are DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel is DENIED.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 636(b) all pretrial matters pending or hereafter filed are REFERRED to United States Magistrate Judge BLANTON for appropriate disposition or for his/her review and recommendation.

IT IS FURTHER ORDERED that all matters henceforth filed in this case should include the initials of the Magistrate Judge under the case number.