IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 9, 1998

## E. L. REID v. W. G. LUTCHE

**Appeal from the Chancery Court for Davidson County**
**No. 97-121-III     Ellen Hobbs Lyle, Chancellor**

_____

**No. M1997-00229-COA-R3-CV - Filed January 24, 2001**

_____

This appeal involves a prisoner's challenges to the Department of Correction's inmate grievance procedures and to an unfavorable disciplinary decision. After the Department denied his requests for a declaratory order, the prisoner filed suit in the Chancery Court for Davidson County seeking declaratory relief and judicial review of the disciplinary proceeding. The trial court dismissed the prisoner's suit because it failed to state a claim upon which relief could be granted. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Eldred L. Reid, Nashville, Tennessee, Pro Se.

John R. Miles, Nashville, Tennessee, for the appellee, W.G. Lutche.

**OPINION**

In June 1991, Eldred Reid raped a woman he had just met. A Rutherford County jury convicted him of rape in March 1992, and he was sentenced to serve nine years in the custody of the Department of Correction. The Court of Criminal Appeals later reversed the conviction. *State v. Reid*, 882 S.W.2d 423, 430 (Tenn. Crim. App. 1994). Mr. Reid stood trial a second time, and a jury again convicted him of rape. He again received a nine-year sentence. The Court of Criminal Appeals affirmed this conviction and sentence. *State v. Reid*, No. 01C01-9511-CC-00390, 1997 WL 311916, at *7 (Tenn. Crim. App. June 6, 1997), *perm. app, denied*, (Tenn. Feb. 23, 1998 & Oct. 11, 1999). Mr. Reid was incarcerated for a time at the Northwest Correctional Center and is currently confined at the Deberry Special Needs Facility in Nashville.

The incident that gave rise to this litigation apparently occurred in September 1996 while Mr. Reid was confined at the Northwest Correctional Center. According to Mr. Reid, he was unable to

eat breakfast in the prison dining hall because a back injury hindered his mobility in the morning. After the prison authorities declined to bring him breakfast in his cell, Mr. Reid began to start off his day by making himself some chicken noodle soup. One day when spaghetti was the fare in the dining hall, Mr. Reid claims he requested and received a plastic sandwich bag filled with the shredded cheese that was being served with the spaghetti. Mr. Reid asserts that he intended to take the shredded cheese back to his cell to eat along with his morning cup of chicken noodle soup.

On September 15, 1996, a correctional officer found approximately "a half pound bag of shredded cheese" in Mr. Reid's possession. After confirming that the cheese came from the prison dining hall, the officer charged Mr. Reid with larceny. The prison disciplinary board held a hearing on the charge on September 18, 1996, and Mr. Reid received what he characterizes as an "illegal, unconstitutionally obtained conviction." The record contains no information regarding the punishment Mr. Reid received.[1] What happened next is unclear. The record does not show whether Mr. Reid appealed the disciplinary board's decision to the warden and the Commissioner of Correction as contemplated in Tenn. Comp. R. & Regs. r. 0420-3-1-.10(1)(f) (1999).[2] Mr. Reid asserts that "the completion of the appeal process was not completed to maintain the time frame for writ of certiorari from the Commissioner," and the disciplinary board's records were "taken" by prison officials to prevent further review of the disciplinary board's action.

On January 10, 1997, Mr. Reid filed a pro se action[3] in the Chancery Court for Davidson County against W. G. Lutche, a legal assistant employed in the Nashville office of the Department of Correction. He sought a declaratory judgment that the prison's internal grievance procedure was ineffective, and he also sought judicial review of the disciplinary board's action by either declaratory judgment or writ of certiorari. The Attorney General and Reporter responded with a motion to dismiss asserting lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted.[4] Mr. Reid responded with a flurry of papers vigorously opposing the dismissal of his complaint.

---

[1] A copy of the disciplinary board's decision in not in the record. Mr. Reid alleges, without evidentiary support, that the decision adversely affected his accumulation of good and honor time.

[2] Mr. Reid may have attempted to grieve the disciplinary board's decision through the prison's internal grievance process. We are unable to rule conclusively on this point because Mr. Reid failed to file the affidavit required by Tenn. Code Ann. § 41-21-806(a) (1997) stating that he filed a grievance and providing a copy of the grievance committee's final decision.

[3] Mr. Reid has become a prolific litigator during his incarceration. He has filed no fewer that fifteen separate lawsuits in state and federal court taking correction officials to task for a variety of things, including the delivery of medical care, the loss of personal property, and other disciplinary board actions.

[4] Surprisingly, the Attorney General did not take issue with Mr. Reid's decision to name Mr. Lutche as the sole defendant. There is substantial question about whether Mr. Lutche is a proper party, especially in light of the fact that he has no formal decision-making role in either the grievance or disciplinary process. One would have thought that the proper defendants would have been either the warden of the Northwest Correctional Center or the Commissioner.

On September 4, 1997, after wading through Mr. Reid's papers, the trial court filed a memorandum and order dismissing Mr. Reid's complaint. The trial court found that "[s]uch a generalized, broad brush challenge fails to state a claim upon which relief can be granted. Put simply, there is no specific dispute or controversy under the common law writ of certiorari or declaratory judgment provisions of the statute for this Court to render a decision on this case." The court characterized Mr. Reid's challenge to the disciplinary board's action as "nothing more than a disagreement with the intrinsic correctness of the decision" which was beyond the limited scope of review under a common-law writ of certiorari. Mr. Reid has appealed.

## I.
### STANDARD OF REVIEW

Mr. Reid is untrained in the law and is representing himself in this proceeding. The papers he filed in the trial court and in this court are quite difficult to understand. Like other legal documents he has prepared, these papers are "largely incoherent." *Reid v. Lutche*, No. 01A01-9803-CH-00168, 1999 WL 166543, at *1 (Tenn. Ct. App. Mar. 29, 1999) (No Tenn. R. App. P. 11 application filed). Nonetheless, mindful of Mr. Reid's practical limitations, we will indulge his work with as much latitude as is practicable, stopping short of crossing the line between fairness to a pro se prisoner and unfairness to the State of Tennessee. While we will apply a less stringent standard to his pleadings, *Fox v. Tennessee Bd. of Paroles*, No. 01A01-9506-CH-00263, 1995 WL 681135, at *3 (Tenn. Ct. App. Nov. 17, 1995) (No Tenn. R. App. P. 11 application filed), we will not excuse him from compliance with the same procedural and substantive rules that represented parties are required to observe. *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

The standards for reviewing the dismissal of a complaint pursuant to Tenn. R. Civ. P. 12.02(6) are well-settled. The sole purpose of a Tenn. R. Civ. P. 12.02(6) motion is to test the legal sufficiency of the allegations in the complaint. *Sanders v. Vinson*, 558 S.W.2d 838, 840 (Tenn. 1977); *Kaylor v. Bradley*, 912 S.W.2d at 731. The focus of the inquiry is on the complaint itself, *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). The courts must construe the allegations in the complaint liberally and must take them as true. *Waller v. Cox*, 16 S.W.3d 770, 773 (Tenn. Ct. App. 1999). No matter how poorly drafted, a complaint should not be dismissed if it states a cause of action that would entitle the plaintiff to relief. *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992).

Even when we construe a complaint in its most favorable light, *Wilson v. Tennessee Dep't of Correction*, No. 01A01-9806-CH-00302, 1999 WL 652016, at *1 (Tenn. Ct. App. Aug. 27, 1999) (No Tenn. R. App. P. 11 application filed); *Mack v. Jones*, No. 03A01-9806-CV-00215, 1999 WL 172645, at *1 (Tenn. Ct. App. Mar. 24, 1999) (No Tenn. R. App. P. 11 application filed), the complaint must still allege enough facts that give rise to a claim for relief. *Jasper Engine & Transmission Exch. v. Mills*, 911 S.W.2d 719, 720 (Tenn. Ct. App. 1995). The adequacy of a complaint's allegations is a question of law that will be reviewed on appeal without a presumption of correctness. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

## II.
### THE CHALLENGE TO THE INMATE GRIEVANCE PROCEDURE

Mr. Reid's first challenge appears to be directed toward the Northwest Correctional Center's inmate grievance procedure. His complaints do not appear to be grounded in any identifiable set of circumstances involving a particular grievance that Mr. Reid attempted to pursue. As best we can tell, Mr. Reid is now seeking a declaratory judgment exempting himself and the rest of the prisoners "from having to use the grievance process for it is ineffective, does not work at all."

### A.

Declaratory judgment proceedings are intended to settle disputes and to afford relief from uncertainty and insecurity with respect to rights, status, or other legal relations arising under deeds, wills, written contracts, municipal ordinances, and statutes. Tenn. Code Ann. §§ 29-14-103, -113 (2000). They are also available to resolve questions involving the validity or applicability of the rules or orders of state administrative agencies. Tenn. Code Ann. § 4-5-225(a) (1998). These proceedings enable parties whose rights are at stake to invoke the aid of the courts to remove uncertainty from their legal relations and, thus, to clarify and stabilize these rights before irretrievable, or at least prejudicial, acts are taken. *Delaney v. Carter Oil Co.*, 174 F.2d 314, 317 (10th Cir. 1949).

The existence of a justiciable issue is a prerequisite for a declaratory judgment. *Campbell v. Sundquist*, 926 S.W.2d 250, 257 (Tenn. Ct. App. 1996); *Parks v. Alexander*, 608 S.W.2d 881, 891-92 (Tenn. Ct. App. 1980). For the purpose of a declaratory judgment, a justiciable issue is a real controversy between persons with real and adverse interests. *Memphis Publ'g Co. v. City of Memphis*, 513 S.W.2d 511, 512 (Tenn. 1974); *Cummings v. Beeler*, 189 Tenn. 151, 156, 223 S.W.2d 913, 915 (1949). It involves present rights that have accrued under presently existing facts. *Oldham v. American Civil Liberties Union Found. of Tenn., Inc.*, 910 S.W.2d 431, 434 (Tenn. Ct. App. 1995); *Third Nat'l Bank v. Carver*, 31 Tenn. App. 520, 527, 218 S.W.2d 66, 69 (1948).

Granting a declaratory judgment is a discretionary matter. *East Sevier Util. Dist. v. Wachovia Bank & Trust Co.*, 570 S.W.2d 850, 852 (Tenn. 1978); *Wunderlich v. Fortas*, 776 S.W.2d 953, 956 (Tenn. Ct. App. 1989). Thus, appellate courts will not disturb a trial court's denial of a declaratory judgment unless the trial court acted arbitrarily. *State ex rel. Earhart v. City of Bristol*, 970 S.W.2d 948, 954 (Tenn. 1998).

### B.

Mr. Reid's complaint fails to articulate a viable declaratory judgment claim for two reasons. First, he has not alleged how any of his presently existing rights have been affected by the operation of the inmate grievance procedure. These grievance procedures are not constitutionally required. *Miller v. Jones*, 791 F. Supp. 240, 241 (E.D. Mo. 1992); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Thus, the existence of a grievance process creates no substantive rights for any

particular prisoner. It gives rise to no protected liberty interest.[5] *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Pryor-el v. Kelly*, 892 F. Supp. 261, 275 (D.D.C. 1995). Because prisoners have no constitutional stake in grievance procedures, *Harksen v. Garratt*, 29 F. Supp. 2d 272, 280 (E.D. Va. 1998), violations of grievance procedures do not affect a prisoner's constitutional rights. *Spencer v. Moore*, 638 F. Supp. at 316. For that reason, Mr. Reid's complaint cannot state a claim that his rights are being impaired or threatened by the prison's administration of the inmate grievance procedure.

Second, Mr. Reid has not demonstrated how he has been harmed by a statute, rule, or order. By their own terms, both Tenn. Code Ann. §§ 29-14-103 & 4-5-225 require persons seeking a declaratory judgment to allege that a private interest or personal right has been affected by the enforcement of a state statute, a rule or regulation promulgated by an administrative agency, or order issued by an administrative agency under the Uniform Administrative Procedures Act. No matter how charitably we read Mr. Reid's complaint, nowhere does he identify and then challenge or seek an interpretation of any specific state statute or Department of Correction rule or order. The closest he comes is the following broadside allegation: "[g]rievance is in violation of Public Chapter No. 913, known as Tenn. Code Ann. §§ 41-21-801, 41-21-817, 41-21-818." That passage, which is the apogee of that portion of Mr. Reid's declaratory judgment complaint, does not embody any claim on which the court can declare a party's rights.[6]

### III.
#### THE CHALLENGE TO THE PRISON DISCIPLINARY BOARD'S ACTION

Mr. Reid also seeks judicial review of the disciplinary proceedings involving the theft of the shredded cheese. He asserts that he is entitled to judicial review through either a Tenn. Code Ann. § 4-5-225 proceeding for declaratory judgment, a statutory writ of certiorari, or a common-law writ of certiorari. Mr. Reid is not entitled to review under Tenn. Code Ann. § 4-5-225 or a statutory writ of certiorari. The only vehicle for obtaining judicial review of the results of a prison disciplinary proceeding is through a common-law writ of certiorari. *Rhoden v. State Dep't of Correction*, 984

---

[5]A prisoner has a liberty interest only in freedom from restraint imposing atypical and significant hardship on the inmate compared to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

[6]The Attorney General, relying heavily on *Mandela v. Campbell*, 978 S.W.2d 531 (Tenn. 1998), also insists that Mr. Reid has failed to state a claim upon which relief can be granted because the inmate disciplinary procedures are not rules withing the purview of the rule-making requirements of the Uniform Administrative Procedures Act. While the Tennessee Supreme Court has held that the General Assembly did not envision that the Department's disciplinary policies and procedures should be promulgated as rules, *Mandela v. Campbell*, 978 S.W.2d at 535, it is not at all clear that the same conclusion applies with regard to inmate grievance procedures. When the General Assembly directed the Department to establish an inmate grievance system in 1996, it instructed the Commissioner to promulgate the rules and regulations needed to effectuate the system in accordance with the Uniform Administrative Procedures Act. Tenn. Code Ann. § 41-21-818 (1997). Because of the shortcomings in Mr. Reid's complaint that we have already discussed, this appeal does not provide a proper occasion to address this question.

S.W.2d 955, 956 (Tenn. Ct. App. 1998); *Bishop v. Conley*, 894 S.W.2d 294, 296 (Tenn. Crim. App. 1994).

Petitions for a common-law writ of certiorari must be filed within sixty days after the entry of the order or judgment at issue. Tenn. Code Ann. § 27-9-102 (2000). This statutory time limit is mandatory and jurisdictional. *Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994). Thus, if a petition for common-law writ of certiorari is not timely filed, the courts have no jurisdiction to review the contested decision. *Turner v. Tennessee Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984); *Fairhaven Corp. v. Tennessee Health Facilities Comm'n*, 566 S.W.2d 885, 887 (Tenn. Ct. App. 1976).

Mr. Reid's papers do not clearly set out when the inmate disciplinary board at the Northwest Correctional Center imposed the punishment on him for stealing the shredded cheese. Our independent review of the record reveals that this disciplinary decision was made on or about September 18, 1996. Mr. Reid filed his petition for common-law writ of certiorari on January 10, 1997 – more than sixty days after the date of the disciplinary board's decision. Accordingly, his petition was not timely and did not state a claim upon which relief can be granted.

**IV.**

We affirm the September 4, 1997 memorandum and order dismissing Mr. Reid's complaint and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Eldred L. Reid for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE