IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 30, 2001 Session

# BOBBY CLARK KING v. CITY OF GATLINBURG

## Direct Appeal from the Chancery Court for Sevier County
No. 98-11-441     Hon. Telford E. Fogety, Jr., Chancellor

FILED MAY 8, 2001

No. E2000-00734-COA-R3-CV

The Trial Court refused to entertain plaintiff's action on the grounds there was no justiciable controversy between the parties. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Steven E. Marshall, Sevierville, Tennessee, for Appellant, Bobby Clark King.

E. Jerome Melson, Knoxville, Tennessee, for Appellee, City of Gatlinburg.

## OPINION

In this declaratory judgment action, the Trial Court concluded there was no justiciable controversy, and dismissed the action. Plaintiff has appealed.

Plaintiff's complaint outlined that he owns property in Sevier County, which is a part of the " Vic King Subdivision", which had been created by the recording of a subdivision plat in 1972, prior to the establishment of the Gatlinburg Regional Planning Commission. That plat showed a permanent but unimproved access easement, and the easement is referred to in the deeds. A road was apparently constructed in 1993, on the easement but does not meet subdivision road standards.

An attorney for defendant has opined that the road should not be considered a public street.

Building permits have been issued for the original lots of the subdivision, as well as for re-subdivisions of the original lots. In 1996, plaintiff sought approval of his subdivision plat for the property, and the plat was approved by the Commission.

Subsequently, plaintiff received a copy of a letter from the Director of the Tennessee Department of Economic and Community Development's Local Planning Assistance Office, addressed to defendant's City Manager, which advised that the City of Gatlinburg should stop issuing building permits for lots which did not front on a public road, unless the Sevier County Commission adopted rules allowing subdivision on a permanent easement in accordance with Tenn. Code Ann. §13-3-411. The City Manager then informed the plaintiff that no further building permits would be issued for lots accessed by permanent easement until the Commission could review the regulations and determine whether to add permanent easement standards for subdivisions.

In April 1998, defendant's City Planner wrote plaintiff advising him that because the road requirements for Twin Ridges had been waived, there would be no future improvements required for that subdivision before the building permits could be issued. Plaintiff, in his Complaint, essentially sought a declaration as to whether the waiver of the road requirement was valid. Defendant moved for summary judgment on the grounds that no justiciable controversy existed, because plaintiff's requests had all been approved by the City, whereupon the Trial Court dismissed the action, concluding there was no justiciable issue.

Subsequently, plaintiff filed a Motion to Alter or Amend, asserting that there was newly discovered evidence. Plaintiff had received a contract for purchase of the property in May of 1999 which had subsequently been withdrawn because plaintiff was unable to identify the location of the right-of-way.

On appeal, plaintiff insists he is entitled to a declaration of his rights in this controversy.

The propriety of the Trial Court's grant of summary judgment is a question of law, so this Court's review is *de novo* with no presumption of correctness. *Sullivan v. Baptist Memorial Hospital*, 995 S.W.2d 569 (Tenn. 1999).

Declaratory judgments are authorized by Tenn. Code Ann. §29-14-103, but the cases construing this statute are quite clear that there must be a justiciable controversy in order for the court to grant declaratory relief. *State v. Brown & Williamson Tobacco Corp*, 18 S.W.3d 186 (Tenn. 2000); *LaRouche v. Crowell*, 709 S.W.2d 585 (Tenn. Ct. App. 1985); *Oldham v. ACLU,* 910 S.W.2d 431 (Tenn. Ct. App. 1995). In order to show that a justiciable controversy exists, the plaintiff has the burden of proving that the question presented is real and not theoretical, that the plaintiff has a real interest therein, and that there is someone with a real interest who may oppose the declaration

sought. *Blake v. Plus Mark, Inc.*, 952 S.W.2d 413 (Tenn. 1997). Thus, the case must involve "present rights" which have accrued under "presently existing facts", and the controversy must be substantial, and "of sufficient immediacy and reality" to warrant a declaratory judgment. *Oldham.* Opinions which are merely advisory will not be issued, nor will the court render an opinion which serves merely to "allay fears as to what may happen in the future." *State* at p.193.

Moreover, the Supreme Court has said that the "decision on whether to entertain a declaratory judgment falls squarely within a trial court's discretion", which has been described as "very wide." *State*, 193. Accordingly, a trial court's refusal to make a declaration of rights will not be disturbed unless the refusal is arbitrary. *Id.*.

In this case, plaintiff is basically seeking an advisory opinion from the Court regarding whether the City can properly do what it has already done. Plaintiff wants to know that he can go forward with his subdivision project before investing any further money, but he has been repeatedly told by the City that he has approval to go forward and that the City has no further requirements which must be met. Thus, the plaintiff seeks to have the Court allay his fears regarding what may or may not happen in the future, which circumstances are those which the Supreme Court has said to be improper for a declaratory judgment. *See State*.

Plaintiff's subdivision plan has been accepted by the City, and any further requirements regarding the road have been waived. Plaintiff has been assured that building permits will be issued, and has been advised that he does not have to do anything further in order to develop this property as far as defendant is concerned. The defendant has asserted in numerous pleadings and at the hearings on this matter that it will not oppose plaintiff's plans, and that he has the City's full approval. Accordingly, we conclude that the plaintiff has failed to meet his burden of establishing a justiciable controversy, and we affirm the Trial Court's refusal to grant a declaratory judgment.

Finally, plaintiff argues that the Court erred in failing to grant his Motion to Alter or Amend. This is another area where the Trial Court has broad discretion when deciding whether or not to grant a Tenn. R. Civ. App. Rule 59 motion, based upon newly discovered evidence. *Collins v. Greene County Bank*, 916 S.W.2d 941 (Tenn. Ct. App. 1995).

Plaintiff's affidavit states that he had dealt with a real estate and rental company in Gatlinburg for four or five years, and that he had discussed the "problem" he had with development of the road to Twin Ridges numerous times with the real estate company employees "due to inquiries regarding the possible sale" of his property within Twin Ridges. Thus, plaintiff's Affidavit expressly reveals that this is evidence which he had obtained and could have presented prior to the summary judgment hearing. Plaintiff's Affidavit further states that he had many inquiries about the purchase of his property in Twin Ridges, and that "[m]ost of the time, as soon as I inform a prospective buyer of the road problem, the buyer either loses interest or I don't hear from the buyer again." There is no explanation of why this "new" evidence was not presented earlier.

This Section of this Court recently adopted the reasoning applied in the Supreme Court

decision of *Harris v. Chern*, 33 S.W.3d 741 (Tenn. 2000), in reviewing the denial of a Rule 59.04 motion. *See Smith v. Haley*, 2001 WL 208515 (Tenn. Ct. App. March 2, 2001).

The Harris test requires consideration of the following factors:

1. The movant's efforts to obtain evidence in response to the motion for summary judgment;

2. The importance of newly submitted evidence to the movant's case;

3. The explanation offered by the movant for its failure to offer the newly submitted evidence in its initial response to the motion for summary judgment;

4. The likelihood that the nonmoving party will suffer unfair prejudice; and

5. Any other relevant factor.

*Harris*, 33 S.W.3d at 745.

Applying these factors to the case before us, we conclude that plaintiff's Motion was properly denied by the Trial Court.

For the foregoing reasons, we affirm the judgment of the Trial Court and remand, with the cost of the appeal assessed to plaintiff, Bobby Clark King.

_____
HERSCHEL PICKENS FRANKS, J.