# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
January 5, 2001 Session

## TOWN OF LINDEN, ET AL. V. BLISS C. GARCIA, ET AL.

**Appeal from the Chancery Court for Perry County**
No. 4037    Russ Heldman, Chancellor

---

### No. M2000-01776-COA-R3-CV - Filed July 31, 2001

---

This case presents an appeal from a declaratory judgment action brought by Plaintiffs/Appellants, Town of Linden and Tex Smith, to request an interpretation of the phrase "next regular election" contained in the charter for the town of Linden. The trial court held that this phrase included the next county election, being the next regularly scheduled election in the town of Linden on August 3, 2000, and also held that the town of Linden had no standing to bring a declaratory judgment action on this issue. Plaintiffs appealed both holdings. We affirm the trial court on both issues.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, JJ., joined.

Donald W. Schwendimann, Hohenwald, Tennessee, for the appellants, Town of Linden, a municipality, by and through its board of Mayor and Aldermen, Douglas Greenway, Mayor; and Billy Ward, Don Adkins, Tex Smith, Raymond Robert Warren, Sherman Vaughn, and William Clark Kurt, Aldermen; and Tex Smith, individually.

Paul G. Summers, Attorney General and Reporter and Russell S. Baldwin, Assistant Attorney General, Nashville, Tennessee, for the appellees, Bliss C. Garcia, Perry County Administrator of Elections; Perry Election Commission; and the Division of Elections of the State of Tennessee Department of State.

### OPINION

On January 5, 2000, a vacancy was created in the position of city alderman in the city of Linden, Tennessee. The Board of Mayor and Alderman of the City of Linden appointed Tex Smith to fill the vacant city alderman position pursuant to the procedure provided for in the Charter of the Town of Linden, 1923 Tennessee Private Acts 1279, chapter 364, section 8. According to this Act, Mr. Smith was to hold that position until "the next regular election."

The question at issue before this court is the meaning of the phrase "next regular election." A regular county election was scheduled to be held in Linden, TN on August 3, 2000, and the next regular municipal election was scheduled for December 1, 2001. Thus, the question arose as to which of these elections this Act refers. The Coordinator of elections interpreted the phrase to include the August 3, 2000 county election and instructed the aldermanic election to be held at that time. Plaintiffs, Town of Linden and Tex Smith, interpreted the phrase to mean only a regular municipal election and requested an injunction and declaratory judgment to determine the issue.

This matter was heard on May 17, 2000 in the Perry County Chancery Court. The court held in favor of the Defendants stating:

> This Court holds that the term "next regular election" in 1923 Tenn. Priv. Acts ch. 365, §8 in this case means the next regular scheduled election to be held in the City of Linden, being the election on August 3, 2000. Accordingly, this Court denies the plaintiffs' request for injunctive relief and dismisses this Complaint.
>
> This Court further holds that all of the plaintiffs in this case with the exception of Tex Smith, who is directly affected, lack standing to bring this lawsuit and the Complaint by them is dismissed for lack of standing. *See Oldham v. American Civil Liberties Union*, 910 S.W.2d 431, 434 (Tenn. App. 1995) ("courts will grant declaratory relief only when the case involves present rights that have accrued under presently existing facts.")

Both the issue of statutory interpretation and standing were appealed to this Court. We agree with the trial court on both issues and affirm the decision in full.

## I.
## Statutory Construction

When construing a statute we look at the plain language of the statute giving the words their natural, ordinary and commonly accepted meanings. "In interpreting statutes the legislative intent must be determined from the plain language it contains, read in the context of the entire statute, without any forced or subtle construction which would extend or limit its meaning." *National Gas Distribs., Inc. v. State*, 804 S.W.2d 66, 67 (Tenn. 1991).

> [Legislative] intent is gathered from the natural, ordinary, and commonly accepted meaning of the language used in the statute itself.
>
> In construing a statute the Court must give effect to every word, phrase, clause and sentence of the act to achieve the legislature's intent. "Every word used [in a statute] is presumed to have meaning and purpose and should be given full effect if doing so does not violate the obvious intention of the Legislature."

*State v. Odom*, 928 S.W.2d 18, 29-30 (Tenn. 1996) (citations omitted).

> When a statute is without contradiction or ambiguity, there is no need to force its interpretation or construction, and courts are not at liberty to depart from the words of the statute. Moreover, if "the language contained within the four corners of a statute is plain, clear, and unambiguous, the duty of the courts is simple and obvious, 'to say sic lex scripta, and obey it.' " Therefore, "[i]f the words of a statute plainly mean one thing they cannot be given another meaning by judicial construction."

*Marsh v. Fleet Mortgage Group*, 12 S.W.3d 449, 452-53 (Tenn. 2000) (citations omitted).

The statute in question reads as follows:

> [A]nd provided, that in event of a vacancy in the office of Mayor or Aldermaen, said Board shall have full power to appoint and elect a successor or successors thereto, who shall hold office until the next regular election and until their successors are duly elected and qualified.

1923 Tenn. Priv. Acts 1279, ch.365, §8.

This Act also provides for a city election to be held the first Saturday in December of every odd year.

> Be it further enacted, That on the first Saturday in December, 1923, and the same day every two years thereafter, an election shall be held in the Town of Linden, Tennessee, for the purpose of electing a Mayor, six Aldermen and a Marshal for said town, whose term of office shall begin on the first day of the next succeeding January, and who shall serve for a term to two years, and until their successors are duly elected and qualified.

*Id.* ch.365, §32.

There is no definition of "next regular election" in this Act, and the city election is merely referred to as 'an election.' No other information relevant to conducting elections is contained in this Act. Thus, we must rely on the plain language of this Act, which in no way limits the phrase to mean 'the next regular municipal election for the town of Linden.' It appears that the use of the word 'regular' here is for the purpose of specifying that such election should not be held during a primary and that a special election need not be called. However, "next regular election" has no qualifying language to suggest that the Legislature intended to refer to only a town of Linden, municipal election.

The Tennessee Code also provides further guidance for conducting elections since "[a]ll elections for public office, for candidacy for public office, and on questions submitted to the people shall be conducted under this title." Tenn. Code Ann. §2-1-103 (1994). Several definitions contained therein are relevant to our determination:

> "Election" means a general election for which membership in a political party in order to participate therein is not required;
> "Primary election" means an election held for a political party for the purpose of allowing members of that party to select a nominee or nominees to appear on the general election ballot
> "Regular August election" means the election held on the first Thursday in August of every even-numbered year;
> "Regular November election" means the election held on the first Tuesday after the first Monday in November in every even-numbered year.

Tenn. Code Ann. §2-1-104(a)(7)(19)(24)&(25) (1994). The Code also contains an entire chapter on "special elections," which are to be held "when a vacancy in any office is required to be filled by election at other times than those fixed for general elections." Tenn. Code Ann. §2-14-101(1994); *see generally* Tenn. Code Ann. §2-14-101 to 204.

Therefore, in accordance with the principals of statutory construction and the plain language of the Act, we find that "next regular election" in this case refers to any next regularly scheduled state, city or county election to be held in the town of Linden and includes the August 3, 2000 election at issue.

## II.
## Standing

In dealing with standing to bring a declaratory judgment action, this Court has previously stated:

> Relevant case law has held that the expansive powers found in the statute may only be exercised in those situations where the parties can demonstrate the existence of a justiciable controversy, the elements of which the Tennessee Supreme Court described as follows: ". . . the question must be real and not theoretical; the person raising it must have a real interest, and there must be some one having a real interest in the question who may oppose the declaration sought." *Cummings v. Beeler,* 189 Tenn. 151, 223 S.W.2d 913, 915 (1949), quoting *Miller v. Miller*, 149 Tenn. 463, 261 S.W. 965, 972 (1924). Thus, the courts will grant declaratory relief only when the case involves present rights that have accrued under presently existing facts.

*Oldham v. American Civil Liberties Union Found. of Tenn., Inc.*, 910 S.W.2d 431, 433-34 (Tenn.Ct.App. 1995).

Plaintiffs in this case have not alleged any facts showing that the city of Linden has any right affected by, or real interest in, this matter. We agree with the trial court that only Tex Smith is directly affected by the issues presented in Plaintiffs' declaratory judgment action and that he is the only plaintiff with standing to bring this law suit.

The judgment of the Chancellor is affirmed with costs assessed to Appellants.

_____
WILLIAM B. CAIN, JUDGE