Gkeen, J.
delivered the opinion of the court.
In this case the complainant purchased a tract of land of seventy-five acres, from George Lacy for the price of five dollars per acre *35 and paid him therefor, and took a deed. The defendants O’Brien also purchased a tract of land from said Lacy, and the defendant C. Carriger purchased another. A judgment was obtained by one Gott against Lacy, which was a lien on all these tracts of land; and an execution issued thereon, and was levied on them all. The sheriff sold the tract purchased by Carriger, and the one purchased by the complainant, and these satisfying the execution, the tract purchased by O’Brien was not sold. At the sale of the complainant’s tract, O’Brien became the purchaser for two hundred dollars. This sum, by agreement with O’Brien, was paid by complainant, and O’Brien relinquished his title under the execution sale to the complainant.
A part of the purchase money (about two hundred dollars) payable in trade, which O’Brien agreed to pay Lacy for the tract of land purchased by him, remained unpaid at the time of the sale of the aforesaid lands by the sheriff, and yet remain- in the hands of O’Brien.
Upon this state of facts it is insisted, first, that O’Brien shall contribute part of the amount of the aforesaid execution, in proportion to the value of the land he purchased of Lacy, because his land was equally liable to the satisfaction thereof as that of the complainant.
We think this proposition cannot be sustained by any principle known to a court of chancery. It has no analogy to the case of different persons who are equally bound as sureties or otherwise to pay a debt, which is discharged by one of the parties. In such case, the others would be bound to contribute. But here, a judgment existed against Lacy which was a lien on all his lands. While thus encumbered, different persons chose to make a purchase of different tracts of land. They have no connection with each other. The creditor may levy on and sell any one of the tracts he may choose. The party who had purchased such tract from the debtor, certainly has no claim that others shall contribute to reimburse his purchase money, because another person has a better right to the land than he has, merely on the ground that had the creditor chose he could have placed either of them in the same predicament. If this principle were adopted, it would lead to endless confusion. An execution is in the hands of the sheriff, and the debtor, by private sale, disposes of his personal estate; ne-groes, horses, cattle, waggons, ploughs, go into the hands of various persons. The execution is then levied on a negro that had been purchased of the debtor, and he is sold to satisfy the debt. *36 Any one of the negroes, horses, or waggons, might have been taken at the election of the creditor; and if for that reason equity requires all these persons to contribute, to reimburse the loss which he has sustained whose negro had been sold, what a scene of litigation we should have in bringing these hundred persons before the court to contribute their rateable proportions. But the principle of contribution grows out of the joint undertaking of the parties. It can have no application in such a case as the one before the court.
2. It is next insisted that the amount due Lacy from O’Brien, and now in his hands, shall be decreed to the complainant. The character of the deed from Lacy to the complainant, does not appear in this record. If there is no warranty in the deed, nor misrepresentation on the part of Lacy, we do not perceive upon what principle he would be bound to reimburse the complainant any monies which may have been laid out in securing the title to his land. And if Lacy is not liable to the complainant, it is unnecessary to consider the question, whether the complainant can stand in the place of the judgment creditor, by whose execution the land was sold, so as to enable him to set up, as a judgment creditor of Lacy, a right to the monies in the hands of O’Brien. But this would be carrying the doctrine of subrogation further than we are aware it has ever yet been done.
Upon the whole, we are of opinion the complainant is not entitled to relief in either aspect of this case, and therefore affirm the decree.
At a subsequent day of the term, Mr. John A. McKinney with permission of the court urged some additional considerations upon the court with much zeal in favor of the complainant. Mr. Justice Green then delivered the following supplemental opinion.
The ground assumed is fully met in the opinion. It states that where there is neither warranty nor fraud, it is not seen on what ground there exists any liability to Jobe. The case supposed, of a previous sale, and receipt of the consideration, and that concealed from Jobe, would be a case of gross fraud. Had such a case been stated in the bill, the court would have taken a very different view of it. In this case, Gott’s judgment was matter of record, of the existence of which Jobe was bound to be informed.
There is no allegation that there was any representation by the *37 vendor, that the land was free from incumbrances. Indeed, from aught that appears, he may have sold to Jobe with the knowledge of the incumbrance by both, and the understanding that Jobe was to discharge it.