**Marvin A. FOLEY, William E. Ball, III, and Johanna M. Foley, Plaintiffs-Appellants,**

v.

**DAYTON BANK & TRUST and Homer Mayfield, Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

March 27, 1985.

Application for Permission to Appeal Denied June 3, 1985.

William H. Hall, Chattanooga, for plaintiffs-appellants.

C.P. Swafford, Dayton, for defendant-appellees.

CRAWFORD, Judge.

In this non-jury case, plaintiffs, Marvin A. Foley, William E. Ball, III, and Johanna M. Foley, buyers of a used truck from defendant, Dayton Bank and Trust, appeal from the order of the Chancery Court dismissing their suit to rescind the transaction. Plaintiffs' complaint alleges in substance that they purchased a 1977 International Transtar II truck from Dayton; that Mayfield, the representative of the bank handling the transaction, "stated emphatically that the motor vehicle was 'in good mechanical condition' and in particular assured the plaintiff the engine in the vehicle was in excellent condition at the time of the purchase;" and that plaintiff relied on Mayfield's representation and expended large sums to prepare the vehicle for its proposed use. The complaint further avers that the vehicle broke down as the result of engine trouble after less than 250 miles of operation, thus substantially impairing the vehicle's value, and that repairing the engine would require the expenditure of at least $6,400. Plaintiffs' complaint states that they rightfully revoked acceptance and now seek the return of all monies paid plus other described damages. The complaint further avers that the bank knew plaintiffs were to use the vehicle for a particular purpose, that there was an implied warranty of fitness for a particular purpose as provided by T.C.A. § 47–2–315, and that this warranty was breached.

Defendants' answer denies the material allegations of the complaint and joins issue thereon, specifically denying that there was any express representation or warranty as alleged in the complaint.

After hearing the proof the trial court held that plaintiffs had failed to prove the allegations of the complaint and dismissed their case. Plaintiffs have presented two issues for review by this court.

Issue No. 1 is:

The trial court erred in failing to find that defendants gave an express warranty as to the condition and quality of the engine.

Plaintiffs' brief asserts that the evidence at trial "preponderates in favor of a finding that the defendants made an express warranty as to the condition and quality of the engine," and that the chancellor erred in not making such a finding.

Since this case was tried by the court sitting without a jury, we review the case de novo upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings we must affirm absent error of law. T.R.A.P. 13(d).

The record reflects that the bank had previously financed the large trailer-type truck in question and had acquired title thereto after repossession pursuant to its

financing papers. The truck had been on the defendant's lot for several months prior to its purchase by plaintiffs. It was eight years old and had been driven approximately 447,161 miles. Although the defendant bank engaged in the business of financing automobiles and related-type motor vehicles, it did not normally finance trucks of this type.

The evidence before the court specifically relating to this issue consists of the testimony of plaintiff, Marvin A. Foley, and defendant, Homer Mayfield. Foley testified that during negotiations for the purchase of the truck he specifically asked defendant Mayfield about the engine's condition and Mayfield said to him, "I assure you there is nothing wrong with the engine." Mayfield, on the other hand, denied making such a statement and testified that, "I told him to the best of my knowledge it was in good condition because it just came in off a run to California." Faced with these conflicting statements, the chancellor apparently decided that Mayfield's version of the conversation was the more likely of the two. In making this decision, the chancellor had the benefit of his personal observation of the manner and demeanor of the witnesses as they testified and obviously his decision as to which version of the conversation was correct was largely dependent upon the credibility of these witnesses. Any conflict in testimony requiring a determination of the credibility of witnesses rests in the first instance with the trial court and will be given great weight by the appellate court unless other real evidence compels a contrary conclusion. *See State ex rel. Balsinger v. Town of Madisonville*, 222 Tenn. 272, 282, 435 S.W.2d 803, 807 (1968); *Haverlah v. Memphis Aviation, Inc.*, 674 S.W.2d 297 (Tenn. App.1984). We find no other real evidence to cause us to adopt a different version of the conversation.

Plaintiffs also take the position that even if Mayfield's version is the correct statement, this version was an express warranty which was breached by defendants when the engine failed.

T.C.A. § 47–2–313 (1979) provides as follows:

*Express warranties by affirmation, promise, description, sample.*—(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

Giving Mayfield's language its ordinary meaning as we are required to do, we cannot find "any affirmation of fact or promise made." It is clear that the statement attributed to Mayfield purported to be merely an opinion of the goods and did not create a warranty. Plaintiffs' assertions as to Issue No. 1 are without merit and we concur in the chancellor's finding that Mayfield made no express warranty to plaintiffs.

Issue No. 2 is:

The trial court erred in failing to find that warranties of merchantability and fitness for particular purpose were implied in this sale.

Plaintiffs now assert that there was an implied warranty of merchantability as pro-

vided in T.C.A. § 47–2–314 which states in part:

*Implied warranty—Merchantability— Usage of trade.*—(1) Unless excluded or modified (§ 47–2–316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. . . .

 As to this assertion by plaintiffs, we note that the complaint fails to make any allegations concerning the implied warranty of merchantability, and the transcript does not indicate that plaintiffs made any such contention in the trial court. The jurisdiction of the Court of Appeals is appellate only, T.C.A. § 16–4–108 (1980) and it should consider only such matters as were acted upon by the trial court. *See Irvin v. Binkley,* 577 S.W.2d 677 (Tenn. App.1979). In any event, the plain reading of the statute excludes the finding of any implied warranty since T.C.A. § 47–2–314 (1979) applies only to sales made by a "merchant with respect to goods of that kind." T.C.A. § 47–2–104 (1979) defines merchant as:

*Definitions — "Merchant" — "Between merchants"—"Financing agency."*—(1) "Merchant" means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.

From the undisputed testimony in the record, it is clear that the defendants, Dayton Bank & Trust Company and Homer Mayfield, are not merchants within the meaning of the statute.

The plaintiffs' final contention is that there was an implied warranty as provided by T.C.A. § 47–2–315 (1979) which we quote:

*Implied warranty—Fitness for particular purpose.*—Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

As noted, plaintiffs' complaint relied upon a breach of this implied warranty. Plaintiff Foley testified that the defendants were specifically informed that plaintiffs purchased the truck for the purpose of entering into a lease agreement with another concern and engaging in long distance hauling. He stated that under these circumstances the implied warranty was created, and upon the failure of the truck engine, this warranty was breached.

 We disagree with plaintiff's assertion. The trial court found that the plaintiff did not carry the burden of proof concerning the allegations of the complaint and we do not find that the evidence preponderates against the trial court's finding that there was no implied warranty and no breach thereof. The record is clear that the truck was purchased for general and not particular purposes as required by the statute. *See Ford Motor Company v. Taylor,* 60 Tenn.App. 271, 446 S.W.2d 521 (1969).

For the reasons stated, we affirm the judgment of the trial court and assess the costs against plaintiff-appellant.

TOMLIN and HIGHERS, JJ., concur.