IN THE COURT OF APPEALS OF TENNESSEE



**FILED**

**January 6, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| SUZANNE MONIQUE SWILLEY ELY | : | KNOX CHANCERY |
| | : | CA No. 03A01-9707-CH-00255 |
|     Plaintiff-Appellee | : | |
| | : | |
| | : | |
| vs. | : | HON.FREDERICK D. McDONALD |
| | : | CHANCELLOR |
| | : | |
| | : | |
| KENNETH RAY ELY | : | |
| | : | |
|     Defendant-Appellant | : | AFFIRMED AND DISMISSED |

DAIL R. CANTRELL, WITH CANTRELL, PRATT & VARSALONA, OF CLINTON, TENNESSEE, FOR APPELLANT

WM. STANTON MASSA, III, OF KNOXVILLE, TENNESSEE, FOR APPELLEE

O P I N I O N

Sanders, Sp.J.

The pivotal issue on this appeal is whether or not the trial court erred in its calculation of the gross income of the obligor for determining his child support obligation.

Our review is "de novo" on the record accompanied by a presumption of correctness of the trial court's findings of fact unless the evidence preponderates otherwise. TRAP Rule 13(d).

We find the evidence does not preponderate against the findings of the trial court, and affirm for the reasons hereinafter stated.

The Plaintiff-Appellee, Suzanne Ely (wife) and Defendant-Appellant Kenneth Ely ( husband) were divorced in 1988. The parties had two children, Monique aged seven and Christopher, aged five at the time. The parties entered into a marital dissolution agreement which provided, as pertinent, that the husband purchase the wife's interest in a trucking business they jointly owned and operated. The wife was awarded the custody of the children, with visitation privileges of the husband, and he was to pay $350 per month as child support and $1,200 per year into a trust fund for the children until the youngest child reached the age of 18 years. He was also to pay one-half of the children's medical and dental expenses which were not covered by insurance.

Following the divorce, the wife, on three occasions, filed contempt proceedings against the husband for failure to comply with the marital dissolution agreement, which had been incorporated into the decree of divorce. The first contempt petition was filed in October, 1989, the second was filed in January, 1992, and the third one in 1995. Each of the petitions alleged the husband had failed to pay the wife his share of the medical expenses for the children. The third petition, however, alleged, as pertinent, that there had been a material and substantial change in circumstances since the divorce to justify an increase in child support. The wife alleged the husband was self-employed at the time of the divorce; he was the sole owner of Ely Trucking Company and his business and income had increased

2

in the interim.  She alleged she was entitled to an increase over and above the guidelines in that husband had vested with the parties' children less than the amount provided by either the guidelines or the final decree of divorce.

In his respective answers to wife's petitions, husband did not deny his indebtedness to the wife but denied he should be held in contempt.  In his answer to the wife's petition for an increase in child support, as pertinent, he said, "The respondent neither admits or denies that there was been a material and substantial change in circumstances such as to justify an increase in child support since original order or that his income has increased to any extent since that time...."

Each of the petitions filed by the wife was referred to a referee of the chancey court for hearing, findings, and recommendations.  The referee held hearings and filed findings and recommendations in the first two petitions, finding the husband in contempt, recommending judgments in favor of the wife, and the award of her attorney's fees.  Decrees were entered by the chancellor confirming the recommendations of the referee, and these matters are not at issue on this appeal.

The referee held a hearing on the wife's third petition for contempt and modification of child support in December, 1995. He filed a findings and recommendations order in which, as pertinent, he said that, based on the evidence and testimony of the parties, he found the husband owed the wife $1,067.27 for medical expenses.  He found "...the respondent is self-employed and has failed to comply with Rule 8 of the local rules of practice for the Knox County Referee and thus petitioner is

3

entitled to a continuance to allow time for discovery of respondent's financial information."  The order provided that all other matters and issues raied by the wife be reserved until a further hearing to be held on February 17, 1995.  An order of confirmation of referee's findings and recommendations was entered by the chancellor.

The referee held a further hearing on February 27, after which he filed findings and recommendations which, as pertinent, held that the petition in contempt and the modification of child support could not be held at that time and set a hearing on those issues for April 22, 1996.  He also directed the husband to furnish at or before that hearing "his 1099's from tax years 1994 and 1995 showing his gross income for those years, an itemization and documentation of all expenses and adjustsments of his gross income."

The record fails to show a hearing was held on April 22 but shows a hearing was held on June 25.  The record fails to show the husband furnished his 1099's for 1994 and 1995 setting out his gross income for those years or that he filed itemization and documentation of all his expenses as previously ordered by the referee.

Following the June 25 hearing the referee entered findings and recommendations.  As pertinent, he found "... upon the testimony of the Respondent and of other nonparty witnesses...the court finds that the petitioner's petition for contempt and for modification of child support are well founded and the best evidence of Respondent's income is loan documentation for 1994 obtained from First American National Bank

4

and entered into the record as exhibits, that Respondent's credibillity is suspect, that the Respondent's gross income is $160,000 per year...." He found the husband's monthly payments should be $2,094 and all other issues should be reserved pending husband's appeal to the court.

Following the entry of the referee's findings and recommendations, the husband filed in the Chancery Court for Knox County a request for appeal and hearing in that court on referee's findings and recommendations of June 25. He said he disagreed with the findings and recommendations of the referee and they were not supported by the proof in the record. He requested a hearing before the court and the entry of an appropriate order after the hearing.

The wife also appealed from the findings and recommendations of the referee on the February 27 hearing related to certain relief sought by her which is not now at issue on this appeal.

On December 6, the appeals of both parties were heard by Chancellor McDonald, Chancellor for Part 1 for Knox County. The chancellor found, based on the child support guidelines, 1240-2-4-.03 December, 1994, revised 3(a), and the husband's 1995 federal income tax return, which was filed as an exhibit in the hearing, that the husband's gross income for 1995 was $132,064, and he should pay $2,097 per month as child support for two children. His monthly obligation, which was to begin from the date of filing the petition for modification on December 6, 1996, together with interest, would be a total of $26,374.26. A decree

5

was entered in keeping with the court's findings and the husband has appealed.

Since our review on appeal is "de novo" on the record accompanied with a presumption of correctness of the trial court's findings of fact unless the evidence presented on the trial preponderates against such findings, we must look at the record to determine whether the evidence supports the findings by the court or preponderates against his findings.

Rule 26, TRAP, requires the appellant, in support of his appeal, to timely file in the appellate court a transcript of the proceedings in the trial court. Rule 24, TRAP, sets forth what should be contained in the transcript which, in general, includes all the evidence offered in the trial court together with all the supporting exhibits. In the case before us, the only thing contained in the record is a transcript of the argument of counsel before the chancellor and one intelligible exhibit, being a copy of the husband's 1040, 1995 tax return.

The Appellant, in his brief, as pertinent, states: "The trial court's ruling required Mr. Ely to pay Twenty-five Thousand, One Hundred Sixty-four Dollars ($25,164.00) in child support each year. The only proof entered at trial were Mr. Ely's tax record, (Exhibits 1 & 2, December 6, 1996), which clearly show that his income for 1995 was a negative Eighteen Thousand Four Hundred and Twenty-six Dollars ($18,426.00) (Exhibit 2, December 6, 1996). Therefore, the Appellee did not meet the burden of proof necessary to show a material change in circumstances which would justify a change in child support."

6

Also, there is nothing in the record to show what evidence was before the referee for his determination of the issues before him.

The Appellant's 1040 tax form for federal income taxes for 1995 shows the Appellant had a total income in 1995 of $732,022. His expenses of doing business plus his claimed deductions for tax purposes exceeded his income by $18,426, resulting in there being no taxable income, and a paper loss of $18,426. Included, however, in the expenses and deductions was a claim of depreciation for the year of $132,064.

The Tennessee guidelines for calculating child support awards for self-employed obligors, as pertinent, provide:

> Gross income shall include all income from any source (before taxes and other deductions), whether earned or unearned....Income from self-employment includes income from business operations and rental properties, etc., less reasonable expenses necessary to produce such income. <u>Depreciation</u>, home offices, excessive promotional, excesssive travel, excessive car expenses, or excessive personal expenses, etc., should not be considered reasonable expenses. (Emphasis ours.) Tenn.Comp.R. & Regs. 1240-2-4-.03(3)(a)(1994).

The chancellor very reluctantly held that this provision mandates the addition of the full amount of the expenses claimed as "depreciation" on the husband's tax return to his gross income, stating: "So what I'm going to do is take his tax return, add back the depreciation, and then set the support in accordance with the Guidelines, and I think it's absolutely and utterly wrong, and then you can take an appeal from that. .... And I mean, I wish you well because I don't like to have to enforce unfair, grossly unfair laws like this."

The 1040 tax return fails to show what the claimed depreciation is for, nor was any proof offered before the chancellor, and there is none in the entire record, which we can consider which would establish the Appellant was entitled to claim his depreciation even if it were not expressly excluded under the child support guidelines.

Since the guidelines for fixing child support for an obligor who is self employed define gross income as "income from business operations...less reasonable expenses necessary to produce such income," then specifically provide "Depreciation...should not be considered reasonable expenses," based on the evidence, or lack thereof, we find the court had no alternative but to disallow the depreciation claimed as a deductable expense.

Appellant argues that a substantial amount of the total he claimed as "depreciation" on his federal tax return was actually the capital expense of purchasing trucks for his business.  According to Appellant, the Internal Revenue Service does not allow him to deduct as an expense the cost of purchasing a truck in one lump sum, but rather makes him spread out the cost of the truck over its useful life, which expense is classified as "depreciation" for income tax purposes.  Thus, he argues, it is unfair to disallow him to deduct a substantial capital expense of his busines, the purchase of trucks which are obviously necessary for the operation of a trucking business, only because he is required to classify this capital expense as "depreciation" for income tax purposes.  To do so results in the inequitable result which requires him to pay child support based on a calculation of "gross income" which he does not really have.

8

We recognize the equitable principles in Appellaant's argument and it is apparent from the transcript of the record before the chancellor that he agreed with the argument in principle but he had no alternative under the provisions of the child support guidelines or the evidence in the record.

It is a well-settled rule of evidence in this jurisdiction that "the burden of proof rests upon him who affirms, not upon him who denies." Gibson's Suite in Chancery, Fifth Edition § 451; **Galbreath v. Nolan**, 429 S.W.2d 447, 450 (Tnn.App.1967) 58 Tenn.App. 260.

Under the guidelines, the trial court would not have been at liberty to deduct any expenditure claimed as a deduction unless it was shown to be "reasonable expenses necessary to produce such income" for the business. On the trial of the case, there was no effort made by the Appellant to show that any of his expenditures were reasonable or necessary to produce the income for the business. Absent such a showing, how can it be said the court was in error in failing to treat the uenexplained depreciation so as to be allowed as capital expenditures? We think the question answers itself.

The Appellant also states in his brief, as pertinent: "Neither the Tennessee Legislature nor the Child Support Guidelines promulgated by the Child Welfare Department, have seen fit to either expressly exclude or authorize a deduction for capital expenditures. The standard that has been followed by this Honorable Court has been to leave it to the discretion of the trial court to determine when and if said expenditures are

9

"reasonable."  Citing the unreported case of **Kimble v. Kimble**, 21 Tenn. 35-7 (Tenn.App.1996).

The issue of whether or not the trial court should have considered depreciation claimed for tax purposes as a reasonable and necessary expenditure was not an issue on the trial of the case and has been raied for the first time on appeal, which the Appelllant is not at liberty to do.  **Airline Construction, Inc. v. Barr, et al.**, 807 S.W.2d 247 (Tenn.App.1990); **Atkins v. Kirkpatrick**, et al., 823 S.W.2d 547 (Tenn.App.1991); **Simpson v. Frontier Community Credit Union**, 810 S.W.2d 147 (Tenn.1991.)

In the case of **Foley v. Dayton Bank & Trust**, 696 S.W.2d 356 (Tenn.App.1985), this court, in addressing the consideration of an issue raised for the first time on appeal, quoted with approval, at 359, as follows: "The jurisdiction of the Court of Appeals is appellate only, T.C.A. § 16-4-108 (1980) and it should consider only such matters as were acted upon by the trial court."  See **Irvin v. Binkley**, 577 S.W.2d 677 (Tenn.App.1979).

The decree of the chancellor is affirmed and the appeal is dismissed.  The cost of this appeal is taxed to the Appellant.

_____
Clifford E. Sanders, Sp.J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Herschel P. Franks, J.

10