# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
March 29, 2001 Session

## RANDALL B. COWARD v. BLOUNT COUNTY, TENNESSEE

**Appeal from the Circuit Court for Blount County**
**No. L-12326     W. Dale Young, Judge**

**FILED APRIL 23, 2001**

**No. E2000-02378-COA-R3-CV**

Randall B. Coward ("Plaintiff") was incarcerated in the Blount County jail after being charged with DUI. Plaintiff claims he was sitting on the bed in his cell when the mattress shifted causing him to fall to the floor, landing on his head. Plaintiff says there was a full size mattress on a twin size frame with the mattress extending over the frame by six to eight inches. Plaintiff sued alleging negligence and/or gross negligence on the part of Blount County ("Defendant"). Defendant filed a summary judgment motion and attached the affidavits of the Sheriff of Blount County and a deputy sheriff. Both of these individuals swear that there were two styles of mattresses in the jail, and both styles fit the bed frames. In response to the summary judgment motion, Plaintiff filed his own affidavit which stated that the mattress extended over the frame by six to eight inches and was a full size mattress on a twin size frame. The Trial Court granted Defendant's summary judgment motion. We conclude there is a genuine issue of material fact, and, therefore, vacate the judgment.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Circuit Court Vacated; and Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and CHARLES D. SUSANO, J., joined.

Kenneth K. Kennedy, Knoxville, Tennessee, for the Appellant Randall B. Coward.

Norman H. Newton and Stephen S. Ogle, Maryville, Tennessee for the Appellee Blount County, Tennessee.

## OPINION

### Background

On March 23, 2000, Randall B. Coward ("Plaintiff") filed this lawsuit against Blount County, Tennessee ("Defendant").[1] While incarcerated for DUI, Plaintiff was sitting on the mattress on his bunk in his jail cell. Plaintiff claims that the mattress shifted underneath him, causing him to fall to the floor, landing on his head. According to Plaintiff, there was a full size mattress on the twin size bed frame causing the mattress to extend over the frame approximately six to eight inches. Plaintiff claims that Defendant was negligent and/or grossly negligent in permitting employees to install mattresses in a manner that endangered the health and safety of the inmates.

Defendant filed a Motion for Summary Judgment and attached the affidavits of James L. Berrong ("Berrong"), the Sheriff of Blount County, and Dan Neubert, Jr. ("Neubert"), a deputy sheriff. Berrong and Neubert swore that there were two styles of mattresses in use at the jail. They state that both mattress styles were the same length and width, fit the metal bunks, and neither style mattress extended over the metal frames of the bunks. Berrong also asserted that as a public official, it was his decision to use both styles of mattresses, and he had the discretion to use or not to use those mattresses.

Plaintiff filed a Response to Defendant's Motion for Summary Judgment with his own supporting affidavit. In his affidavit, Plaintiff stated that he was sitting on the top bunk and the mattress shifted, causing him to fall. Plaintiff further stated that "on investigation of the mattress, I discovered that it extended over the frame of the bed approximately 6 (six) to 8 (eight) inches.… [T]his was a full size mattress and the bed frame was only a twin size frame."

On July 24, 2000, a hearing was held on Defendant's summary judgment motion. Because this Court has not been provided with a transcript of that hearing, we are unable to determine what arguments were presented to the Trial Court. On August 21, 2000, the Trial Court granted the motion for summary judgment. The basis for granting the motion is not detailed in the Trial Court's Judgment. The Trial Court simply stated that after giving due consideration to Defendant's motion and statement of material facts, Plaintiff's responses to these documents, and the accompanying affidavits, "the Court was of the opinion that the defendant's motion was well taken and should be sustained." On September 20, 2000, Plaintiff filed a notice of appeal.

### Discussion

The standard for review of a motion for summary judgment is set forth in *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83 (Tenn. 2000):

---

[1] Plaintiff also sued the Blount County Sheriff's Department. On June 2, 2000, the Trial Court entered an Order dismissing the Sheriff's Department because it was not a legal entity which could be sued. That Order has not been appealed.

The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn

from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples*, 15 S.W.3d at 88-89. A fact is "material" for summary judgment purposes, if it "must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999)(quoting *Byrd v. Hall*, 847 S.W.2d at 211).

This is a classic case of dueling affidavits. On the one hand, Plaintiff claims that there was a full size mattress on a twin size frame and the mattress did not fit the frame. On the other hand, Defendant claims that the mattresses in use at the jail properly fit the bed frames. Based on the record before us, we can only assume that the Trial Court credited the affidavits of Berrong and Neubert over the Plaintiff's affidavit. As set forth above, however, in ruling on the motion for summary judgment, the Trial Court had no choice but to view the evidence in a light most favorable to Plaintiff. Viewing the evidence in a light most favorable to Plaintiff, we conclude that the Trial Court erred in granting summary judgment as there is a clear factual dispute regarding whether the mattress Plaintiff was sitting on was hanging over the edge or actually fit the bed frame.

On appeal, Defendant argues that even if there is a factual dispute regarding the size of the mattress in question, it is still entitled to summary judgment because: (1) Defendant owed no duty to Plaintiff; (2) Plaintiff's negligence was equal to or greater than the Defendant's; and (3) Defendant is immune from suit pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101, *et seq.* While Defendant raises this immunity defense in its Brief filed with this Court, nowhere in Defendant's Motion for Summary Judgment, affidavits submitted in support of Motion for Summary Judgment, or Defendant's Statement of Material Facts not in dispute can be found any mention of the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101 *et seq*. These arguments were not raised specifically in the summary judgment motion filed with the Trial Court. In addition, there were no factual findings by the Trial Court that would support an argument that these theories were advanced or that they served as the basis for the Trial Court's decision. Based on the record before this Court, it appears that these issues neither were raised in the Trial Court nor served as the basis for the Trial Court's ruling. As this Court noted in *Smith v. Harriman Utility Board*, 26 S.W.2d 879 (Tenn. Ct. App. 2000):

> Our jurisdiction is appellate only, T.C.A. § 16-4-108(a)(1), and thus the rule has long been well-settled that
>
> > [t]his Court can only consider such matters as were brought to the attention of the trial court and acted upon or [pretermitted] by the trial court.
> >
> > *Irvin v. Binkley*, 577 S.W.2d 677, 679 (Tenn. Ct. App. 1978); *Thomas v. Noe*, 42 Tenn. App. 234, 301 S.W.2d 391, 394 (Tenn. Ct. App. 1956); *Foley v.*

> *Dayton Bank & Trust*, 696 S.W.2d 356, 359 (Tenn.
> Ct. App. 1985).

*Smith*, 26 S.W.3d at 887 (quoting *Stewart Title Guar. Co. v. F.D.I.C.,* 936 S.W.2d 266, 270-271 (Tenn. Ct. App. 1996)).  As it appears these additional theories now raised by Defendant on appeal neither were presented to the Trial Court nor served as the basis for the Trial Court's granting of summary judgment to Defendant, we will not address them further and express no other opinion concerning them.

## Conclusion

The judgment of the Trial Court is vacated and this case is remanded for further proceedings consistent with this Opinion.  Costs of this appeal are taxed to the Appellee Blount County of Tennessee.

_____
D. MICHAEL SWINEY