IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 15, 2001 Session

## LINDSAY L. TAYLOR, PAMELA J. TAYLOR, and JOHN SIDNEY TAYLOR
v.
## AL BEARD and SOUTHEASTERN MOTOR FREIGHT COMPANY, INC.

**Appeal from the Circuit Court for Shelby County**
**No. 84505 T.D.     Robert L. Childers, Judge**

---

**No. W2000-02768-COA-R3-CV - Filed February 6, 2002**

---

This case involves the application of the statute of limitations to personal injury claims. The plaintiffs are the parents of a minor child who was injured in an automobile accident with the defendant in October 1995. The plaintiffs reached a settlement agreement with the defendants for compensation of their child's injuries, and the parties filed a joint petition with the trial court to have the settlement approved. For reasons which are unclear in the record, the trial court failed to approve the settlement. In February 1999, the plaintiffs withdrew the joint petition to approve the settlement and substituted a claim for damages on behalf of the minor child as well as the parents. In May 1999, the defendants filed a motion for summary judgment on the individual claims of the parents, arguing that these claims were barred by the one-year statute of limitations. The trial court granted the defendants' summary judgment motion. The plaintiffs appealed. We affirm, finding that the issues raised on appeal were not raised to the trial court and therefore cannot be considered on appeal.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Larry E. Parrish, Memphis, Tennessee, for the appellants Pamela J. Taylor and John Sidney Taylor

Tim W. Hellen, Memphis, Tennessee, for the appellee Al Beard.

### OPINION

This case involves the application of the statute of limitation to personal injury claims. Appellants Pamela and John Taylor ("Parents") are the parents of Lindsay Taylor. In October 1995, Lindsay was involved in a motor vehicle accident while riding as a passenger in a car driven by her mother. At the time of the accident, Lindsay was 13 years old. Appellee Al Beard ("Beard") was

a truck driver employed by appellee Southeastern Motor Freight Company ("Southeastern"). The parents alleged that Beard's negligent operation of his truck caused the accident that resulted in Lindsay's injuries.

The parties began settlement negotiations; however, no lawsuit was filed at this point. The negotiations resulted in a proposed settlement agreement regarding Lindsay's claims in September 1996. On January 17, 1997, the parties filed a joint petition with the trial court to have the settlement regarding the minor approved. For reasons not apparent in the record, the trial court failed to approve the settlement.

In December 1998, the Parents, on behalf of Lindsay, filed a motion to "amend" the joint petition to approve the settlement by deleting it in its entirety and substituting a complaint seeking damages against Beard and Southeastern. By order dated February 22, 1999 the trial court dismissed the joint petition and permitted the Parents to file a complaint against Beard and Southeastern. Thereafter, the Parents filed a complaint which, in addition to claims on behalf of Lindsay for her injuries, also included claims made individually by the Parents for Lindsay's medical expenses and the loss of Lindsay's services.[1]

In his Answer, Beard asserted that the claims of the Parents were barred by the Tennessee statute of limitations, Tennessee Code Annotated § 28-3-104, which requires that claims for personal injuries be brought within one year. Thereafter, Beard filed a motion for summary judgment seeking dismissal based on the statute of limitations.

Beard's motion for summary judgment was heard on July 23, 1999. At the hearing, Beard argued that the complaint was filed more than three years after the date of the accident and, thus, the Parents' claims were time-barred. The Parents asserted that, as to the medical expenses, the statute of limitations began to run only after the expenses were incurred. As to their claim for loss of child's services, the Parents argued that their claim asserted neither an injury to the person governed by the one-year statute of limitations, Tennessee Code Annotated § 28-3-104, nor an injury to property governed by the three-year statute of limitations, Tennessee Code Annotated § 28-3-105. Therefore, the Parents contended, the "catchall" ten-year statute of limitations, Tennessee Code. Annotated § 28-3-110(3), should apply. While noting that the Parents made an "interesting argument," the trial court granted Beard's motion for summary judgment as to the Parents' claims for medical expenses and the loss of Lindsay's services.

A jury trial was held as to Lindsay's claims, which resulted in a judgment in Lindsay's favor in October 2000. The Parents then appealed the trial court's grant of summary judgment on their individual claims. On appeal, the Parents now argue that the statute of limitations was tolled pending the trial court's decision on whether to approve the settlement regarding Lindsay's claims. In addition, the Parents argue that their claims are derivative of Lindsay's personal injury claim and,

---

[1]Tennessee Code Annotated § 20-1-105(a) provides, "the father and mother of a minor child have equal rights to maintain an action for the expenses and the actual loss of service resulting from an injury to a minor child in the parents' service or living in the family. . . ."

therefore, the statute of limitations would be tolled as to their claims during Lindsay's disability as a minor.

In this appeal, the Parents assert arguments not argued to the trial court below. In the trial court, the Parents argued that their claims were for neither injury to the person nor injury to property and would therefore be governed by the ten-year statute of limitations. This argument was rejected by the trial court. In this appeal, the Parents assert a wholly different argument, namely, that the running of the statute of limitations was tolled (1) during the time in which the joint petition for approval of the settlement of Lindsay's claims was pending, and (2) during Lindsay's disability as a minor because the Parents' claims are derivative of Lindsay's claims. Neither of these arguments were made in the proceedings before the trial court.

Of course, it is well settled that issues not presented to the trial court may not be presented for the first time on appeal. *Smith v. Harriman Util. Bd.*, 26 S.W.3d 879, 887 (Tenn. Ct. App. 2000) (plaintiff not allowed to raise claim for punitive damages under the tort theory of unlawful inducement of a breach of contract where claim never appeared in the complaint and was not raised at trial court); *State Dep't. of Human Services v. Defriece*, 937 S.W.2d 954, 960 (Tenn. Ct. App. 1996) (mother not allowed to raise the issue of deficiency in parental rights termination petition when she failed to raise any objections to the trial court); *Hobson v. First State Bank*, 801 S.W.2d 807, 812-813 (Tenn. Ct. App. 1990) (class members not allowed to raise issue on appeal relating to attorneys' fees when issue was never presented at trial or at attorneys' fees hearing). This Court has appellate jurisdiction only. *Foley v. Dayton Bank & Trust*, 696 S.W.2d 356, 359 (Tenn. Ct. App. 1985) (citing Tenn. Code. Ann. § 16-4-108 (1980)). Consequently, this Court may only decide issues which were brought to the attention of the trial judge, "and acted upon or pretermitted by him." *Clement v. Nichols*, 209 S.W.2d 23, 23 (Tenn. 1948).

The record before this Court, including the transcript of the hearing on the motion for summary judgment, contains no indication that the arguments proffered by the Parents in this appeal were raised to the trial court below. Consequently, we must decline to consider them in this appeal, and the trial court's grant of summary judgment to the Defendants on the Parents' claims must be affirmed.

The decision of the trial court is affirmed. Costs are taxed to appellants, Pamela and John Taylor, and their surety, for which execution may issue if necessary.

---

HOLLY KIRBY LILLARD, JUDGE

-3-