IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 25, 2006 Session

## LINDA L. EVANS v. AUDREY H. EVANS

**Direct Appeal from the General Sessions Court for Campbell County**
**No. 12625     Hon. John D. McAfee, Judge**

**No. E2005-01914-COA-R3-CV - FILED JULY 18, 2006**

In this divorce action, the parties announced a property settlement in open court which settlement was made a part of the Divorce Decree. Defendant filed a Tenn. R. Civ. P. 60 Motion to Set Aside Divorce and to reopen the issue of the property settlement which the Trial Court refused. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the General Sessions Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Scarlett Beaty Latham, Albany, Kentucky, for appellant.

Johnny V. Dunaway, LaFollette, Tennessee, for appellee.

### OPINION

In this divorce action, after the parties filed numerous pleadings and engaged in a contentious discovery process, they appeared in court on February 10, 2005 and announced that they had reached an agreement settling all issues in controversy. The terms of this agreement were announced in open court, and the Parties announced their consent to those terms.[1] On March 18,

_____

[1]Immediately after the agreement and its terms were announced in open court on February 10, 2005, the trial judge had the following exchange with the Parties:

2005, the Trial Court entered the Judgment of Divorce. Subsequently, the defendant filed a Motion to Withdraw Consent to Announcement and a Motion to Set Aside Divorce, pursuant to Tennessee Rules of Civil Procedure 60 and 60.02. Defendant in his Motion argued that he did not agree to the terms of the agreement as they were announced in court. He stated his hearing impairment prevented him from hearing the terms of the agreement as it was announced, and that the Trial Court's Judgment exceeded the terms of the agreement. The Plaintiff responded that the Judgment of Divorce accurately reflected the Parties' agreement and that the Defendant understood and had so agreed. Following a hearing on the issue, the Trial Court denied both of defendant's motions, and a timely Appeal was perfected.

The issue presented on appeal is whether the Trial Court erred by refusing to set aside its Judgment of Divorce.

When reviewing a trial court's decision to grant or deny relief pursuant to Rule 60.02, appellate courts give great deference to the trial court. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). We will not set aside the trial court's decision unless the court has abused its discretion. *Id.* An abuse of discretion exists if the trial court applied an incorrect legal standard or reached an illogical or unreasonable decision that caused injustice to the complaining party. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). "The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court." *Id.* The trial court's decision will be affirmed "'so long as reasonable minds can disagree as to propriety of the decision made.'" *Id.* (quoting *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000)). The defendant argues there is a discrepancy between the Parties' agreement as announced in court and the Judgment of Divorce. According to the defendant, the discrepancy is the announced agreement called for the sale of "**a** house at 890 Butter and Egg Road in Jacksboro," but the Judgment of Divorce called for the sale of "House & approximately 1.7 acres of real property located at 890 Butter & Egg Road,

---

The trial court: Folks, you all heard the announcements that were made by [the Plaintiff's counsel]. Do both of you agree to those announcements? Do you agree, ma'am?

The Plaintiff: I do.

The trial court: Sir, do you agree?

The Defendant: Reluctantly.

The trial court: I understand, but you understand this announcement is a done deal here today?

The Defendant: Yeah.

Jacksboro, Tennessee" (hereinafter, the "Acreage Discrepancy"). The Defendant argues that, when he consented to the agreement as announced in court, he did not believe that the sale of the "house" included selling both the house and the 1.7 acres of real property, and argues that due to this misunderstanding, the agreement as announced, lacked a "meeting of the minds"and had a "fatal defect."

He asserts that the Judgment was based on a fatally defective agreement, or, in the alternative, the Trial Court should have deleted from the Judgment of Divorce any reference to the "approximately 1.7 acres of real property."

Plaintiff argues the defendant waived this issue by not raising it before the Trial Court, and that the Judgment of Divorce's reference to the 1.7 acres, was in fact a part of the announced agreement.

Defendant's appellate argument rests upon the Acreage Discrepancy, but defendant never specifically mentioned this discrepancy to the Trial Court. The Defendant's Motion to Withdraw Consent to Announcement argued that "the announcement is not [the Defendant's] agreement, and Defendant hereby withdraws any and all agreements to said announcement." The Defendant's Motion to Set Aside Divorce asserted three arguments: (1) "the Defendant did not understand the terms and conditions as announced to the Court, but instead understood that he was agreeing to give the Plaintiff one half of the assets accumulated during the parties' marriage, and not separate property,"[2] (2) "due to [the Defendant's] hearing impairment he was not able to hear the terms and conditions being announced," and (3) "many of the terms and conditions set out in the order filed with the Court contain provisions well in excess of what was even discussed. . . . many of the assets . . . were not marital property, but were instead [the Defendant's] separate property . . . ." Neither of these motions makes specific reference to the Acreage Discrepancy.

At the hearing on the motions before the Trial Court, defendant argued that the Judgment of Divorce "exceeded what was announced" and that defendant "was not fully cognizant of what was being announced." Defendant's counsel further argued that the defendant thought that only marital property, not separate property, would be sold under the agreement. No mention was made of the Acreage Discrepancy during the arguments, and during defendant's testimony, counsel never asked a question regarding the Acreage Discrepancy or the real estate on Butter and Egg Road. The only asset specifically mentioned in counsel's questioning was a retirement annuity account. Most of counsel's questions concerned the defendant's inability to hear the agreement as it was announced in court on February 10, 2005 and the defendant's explanation for failing to withdraw his consent at an earlier time. The thrust of defendant's argument at the hearing was that defendant did not understand the agreement because he was unable to hear its announcement.

Apparently, defendant's argument was so vague that the Trial Court sought

---

[2]The Parties' dispute had yet to go to trial; therefore, there was no record or findings as to what property was separate and what was marital.

clarification from the attorneys. In an attempt to determine how the Judgment of Divorce exceeded the announced agreement, the trial judge asked Plaintiff's counsel if the Judgment of Divorce contained any provisions in addition to those in the announced agreement.[3] Plaintiff's counsel stated that the only additional provision concerned the involvement of the Court Clerk in the property sale. The defendant made no objection to this description. In addition, the defendant never specified which property was allegedly outside the scope of the agreement. Regarding the retirement annuity, the Trial Judge asked the defense counsel, "Is that what you all were trying to ask questions about awhile ago that you claim were separate property?" Defense counsel responded, "Well, I wouldn't know at all." Based on the foregoing, we conclude the Acreage Discrepancy issue was not an issue presented to the Trial Court on the Motion.

"The jurisdiction of the Court of Appeals is appellate only, and it should consider only such matters as were acted upon by the trial court." *Foley v. Dayton Bank & Trust*, 696 S.W.2d 356, 359 (Tenn. Ct. App. 1985) (citation omitted). Appellate courts decline to consider issues "not dealt with in the trial court or properly developed in the proof." *E. Sevier County Util. Dist. v. Wachovia Bank & Trust Co.*, 570 S.W.2d 850, 854 (Tenn. 1978). Because defendant never called the Trial Court's attention to the Acreage Discrepancy, we cannot properly address that issue. The defendant, by his failure to raise the issue before the trial court, waived the issue. Accordingly, we affirm the Trial Court's Judgment denying defendant's Motions.

The cost of the appeal is assessed to Audrey H. Evans.

_____
HERSCHEL PICKENS FRANKS, P.J.

_____

[3]Plaintiff's counsel drafted the proposed Judgment of Divorce.